jzSHORTESS, Judge.
Kevin Lee Thibodeau (plaintiff) was severely injured in a diving accident. The facts of that accident are fully set forth in our first opinion in this case, Thibodeau v. Mayor & Councilmen of Morgan City, 619 So.2d 595 (La.App. 1st Cir.1993). In a suit for damages against the lessee of the property, Morgan City (the City), its insurer, Pelican State Mutual Insurance Company (Pelican) [1] and the owner, the State of Louisiana, *831 the trial court found plaintiff suffered general damages of $3,500,000.00. His parents, Arthur Thibodeau, Sr., and Mary M. Thibo-deau (the Thibodeaus), were awarded damages for loss of consortium of $10,000.00 each.[2] This court proportioned fault 67% to plaintiff, 22% to the City, and 11% to the State. Plaintiffs award of general damages was limited to $500,000.00 pursuant to Louisiana Revised Statute 13:5106, which set a cap on damage awards against the State and its political subdivisions. The Thibodeaus’ loss of consortium claims were dismissed because plaintiffs general damages exhausted the monetary limits of the cap on damages.
Plaintiff and the Thibodeaus reached a compromise with the State. The City and Pelican applied for a writ of certiorari to the Louisiana Supreme Court, which was denied.[3] Plaintiff and the Thibodeaus also filed a writ application, which was granted in part.[4] The supreme court remanded this case to us to reconsider the award of total damages in light of Chamberlain v. State, 624 So.2d 874 (La.1993), in which the supreme court found unconstitutional the cap on damage awards under Revised Statute 13:5106. At the time this case was remanded, we had before us two issues: (1) the amount of general damages which should be awarded to plaintiff, and (2) the amount of damages for loss of consortium sustained by the Thibodeaus.
After the remand, however, the supreme court, in Rick v. State, 630 So.2d 1271 (La. 1994), found Revised Statute 13:5112(C) unconstitutional. That statute, which set a lower rate of prejudgment interest in suits against governmental entities than in suits against other defendants, was applied when this court rewrote the judgment on appeal in the instant case. Plaintiff and the Thibo-deaus contend that on remand this court should apply Rick and award interest at the rate fixed in Civil Code article 2924 from date of judicial demand.
GENERAL DAMAGES
The trial court’s original finding that plaintiffs general damages totaled $3,500,000.00 has never been contested on appeal. Plaintiff contends that this finding of the trial court is final and that on remand we should award him 22% of $3,500,000.00, or $770,-000.00, in general damages against the City. We agree.
LOSS OF CONSORTIUM
The Thibodeaus’ loss of consortium claim was originally dismissed because the judgment in favor of plaintiff exhausted the limits of the Revised Statute 13:5106 cap. In their brief on remand the Thibodeaus contend the awards of $10,000.00 each should be reinstated. The City has never contended the original awards of $10,000.00 each were excessive, and we agree that the Thibodeaus are certainly entitled to at least that amount. We thus must reverse the judgment dismissing the |/Thibodeaus’ claims and award them 22% of $10,000.00, or $2,200.00 each, against the City.
INTEREST
In Segura v. Frank, 630 So.2d 714, 725 (La.1994), the Louisiana Supreme Court instructed us: ‘Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal....” Thus, we must apply Rick and modify the judgment to award interest in this suit at the legal rate as fixed by Civil Code article 2924 from date of judicial demand until paid.
CONCLUSION
For the foregoing reasons, the judgment in favor of plaintiff, Kevin L. Thibodeau, and against Morgan City, is amended to increase the award for general damages to $770,-000.00. The judgment dismissing the claims *832 of Arthur Thibodeau, Sr., and Mary M. Thi-bodeau is reversed, and judgment is rendered in favor of Arthur Thibodeau, Sr., and Mary M. Thibodeau and against Morgan City in the sum of $2,200.00 each. The judgment is further amended to provide that all awards are to bear legal interest, ie., interest at the rate fixed by Civil Code article 2924, from date of judicial demand until paid. Any appeal costs are taxed to Morgan City.
AMENDED IN PART; REVERSED AND RENDERED IN PART.

. Plaintiff and the Thibodeaus filed a motion to substitute the Louisiana Insurance Guaranty Association (LIGA) for Pelican, contending Pelican had been placed in liquidation. This court is *831 sued a summons to LIGA ordering it to appear and substitute itself for Pelican by March 3, 1994. However, LIGA has not appeared.

.Plaintiffs special damages were fully considered in our first opinion and are not an issue in this case on remand.

. Thibodeau v. Mayor & Councilmen of Morgan City, 629 So.2d 362 (La.1993).

. Thibodeau v. Mayor & Councilmen of Morgan City, 629 So.2d 362 (La.1993).